**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PATTY DURAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | _____ |
| v. | ) | |
| | ) | |
| JASON HAYES, individually and | ) | **JURY TRIAL DEMANDED** |
| in his official capacity as the Lieutenant | ) | |
| of the Georgia State Capitol Police, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**VERIFIED COMPLAINT**

Patty Durand ("Plaintiff") files this Verified Complaint for damages and injunctive relief against Defendant Jason Hayes, individually and in his official capacity as the Lieutenant of the Georgia State Capitol Police ("Defendant"). This case involves an indefinite, unwritten, and geographically broad ban on unescorted access to the Georgia State Capitol area and a complete prohibition on access to the Public Service Commission meetings, hearings, and events.

**INTRODUCTION**

1.     Plaintiff is an active participant in the state government of Georgia and regularly attends the meetings and hearings of the Georgia Public Service

Commission and is actively engaged in legislative work at the Georgia General Assembly.

2.      On October 21, 2025, Plaintiff was arrested pursuant to a state warrant for one felony count of theft of trade secrets in violation of O.C.G.A. § 16-8-13, which alleged that, during a Public Service Commission energy regulatory hearing, Plaintiff "intentionally [took] a booklet containing confidential information owned by Georgia Power Company without permission." However, the Fulton County District Attorney formally declined to prosecute the matter and requested that the Plaintiff's criminal history record information be restricted.

3.      Despite the District Attorney's decision to decline prosecution, Plaintiff's identification was flagged by security during her visit to the Georgia State Capitol Building. Defendant Hayes informed Plaintiff—during a text exchange following her identification being flagged—that she was indefinitely and completely banned from all of the properties operated by Georgia Building Authority on the Georgia Capitol Hill. Defendant Hayes also informed Plaintiff that entering the premises carried the threat of criminal trespass. Defendant Hayes also reiterated this indefinite and complete ban to Plaintiff's criminal defense attorney.

4.      On February 3, 2026, Plaintiff requested written clarification of her ban, and Defendant Hayes informed her that she is only indefinitely banned from

the building located at 244 Washington Street Southwest, Atlanta, Georgia 30334, under threat of being arrested for criminal trespass. Defendant Hayes added that this indefinite ban would be reviewed if, and only if, she was elected as a Public Service Commissioner or employed in that building. Defendant Hayes further instructed Plaintiff that she is permitted to enter the other Georgia Capitol Hill properties, but only with a security or law enforcement escort—a restriction not previously imposed on Plaintiff.

5.      This civil action aims to allow Plaintiff to resume her constitutionally protected speech activity as an active citizen and advocate, to compensate her for the unlawful prior restraint of her speech, and to deter similar governmental misconduct by Defendant Hayes and the Georgia State Capitol Police.

### PARTIES

6.      Plaintiff Patty Durand is currently a resident of Fulton County, Georgia.

7.      Defendant Jason Hayes is a Lieutenant and the Assistant Unit Commander of the Capitol Police Division of the Georgia Department of Public Safety. In addition, Defendant Hayes may be served with process at his place of business, which is located at 180 Central Avenue Southwest, Atlanta, Georgia 30303.

**JURISDICTION AND VENUE**

8.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the First and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear state law claims pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the claims arose in Atlanta, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia. Further, Defendant is located in Atlanta, Georgia.

**FACTUAL ALLEGATIONS**

10.     Plaintiff has been a frequent attendee and participant in the Georgia Public Service Commission meetings and hearings. She was also a previous candidate for the Georgia Public Service Commission.

11.     Plaintiff frequently meets with legislators and attends public hearings at the Georgia State Capitol area including the Georgia State Capitol itself and Public Service Commission meetings and hearings.

12.     When Plaintiff attends the Public Service Commission meetings and hearings, she formally participates, informally participates, or participates only through her attendance.

3

13.     Plaintiff has been critical of the Georgia Public Service Commission and its officials for many years.

14.     Indeed, Plaintiff regularly posts and publishes her criticisms of the Georgia Public Service Commission and its officials online. https://georgiansforaffordableenergy.org/fact-sheets/.

15.     In particular, Plaintiff has previously criticized the Georgia Public Service Commission and its officials for, *inter alia*, their lack of public transparency, their lack of accountability to Georgians, their lack of knowledge on energy issues, and their entanglement with Georgia Power.

16.     In response to some of her complaints, members of the Public Service Commission have publicly criticized Plaintiff.

17.     Notably, in 2022, a then incumbent Public Service Commissioner, Tim Echols, blocked Plaintiff on Twitter and Facebook after she expressed criticisms of his policy positions. That event led to successful constitutional litigation for Plaintiff. The associated withdrawal of the motion for preliminary injunction predicated on Mr. Echols' agreement to unblock Plaintiff is attached as **Exhibit A**.

18.     In April 2025, Plaintiff also founded a Georgia utility watchdog organization, Georgians for Affordable Energy, to hold Public Service Commissioners and Georgia Power accountable, represent the interests of

ratepayers in utility regulatory proceedings, and to educate the public about energy issues.

## INCIDENT AT CAPITOL AND BOND CONDITIONS

19. On October 21, 2025, Plaintiff was arrested, pursuant to a state warrant, for "intentionally tak[ing] a booklet containing confidential information owned by Georgia Power Company without permission" while attending an energy regulatory hearing held by the Public Service Commission at 244 Washington Street Southwest, Atlanta, Georgia 30334.

20. The Georgia Public Service Commission is housed in the building located at 244 Washington Street Southwest, Atlanta, Georgia 30334.

21. As bond conditions for her pretrial release, Plaintiff was required to: (1) stay away from 244 Washington Street Southwest, Atlanta, Georgia 30334; and (2) not contact any witnesses associated with Georgia Power or the Georgia Public Service Commission.

22. Plaintiff's pretrial bond conditions only extended until the final disposition of her case. Plaintiff's former bond conditions are attached as **Exhibit B**.

23. Even though the bond conditions did not apply to the Georgia State Capitol itself, on January 7, 2026, Plaintiff met with a state senator and a former

Public Service Commissioner at the senator's office in the Georgia State Capitol building to discuss legislation related to the Public Service Commission.

24. The Georgia State Capitol building is located at 206 Washington Street Southwest, Atlanta, Georgia 30334.

25. Upon entering the capitol, a Georgia Capitol Police officer scanned the Plaintiff's identification card, which, to Plaintiff's surprise, was subsequently flagged by the security system.

26. After questioning Plaintiff, reading the security warning, and consulting another individual, the officer determined that Plaintiff required an escort and assigned an officer to accompany her during her meeting.

27. During the entire length of the meeting, the assigned officer guarded the door of the senator's office.

28. The officer's continued, conspicuous presence caused Plaintiff to experience substantial embarrassment, discomfort, and unease.

### BOND CONDITIONS LIFTED AND CRIMINAL PROSECUTION DECLINED

29. On January 21, 2026, the Fulton County District Attorney declined to pursue prosecution of Plaintiff and requested that the Plaintiff's records be restricted pursuant to O.C.G.A. § 35-3-37(h)(1)(B), thereby releasing Plaintiff from

her pretrial bond conditions. The decision of the Fulton County District Attorney is attached as **Exhibit C**.

30. On January 29, 2026, Plaintiff entered the Georgia State Capitol building—which is located at 206 Washington Street Southwest, Atlanta, Georgia 30334—to meet with a state senator, during which her identification was flagged. After her meeting, Plaintiff exchanged text messages with Defendant Hayes, therein seeking assistance in removing the security flag, as Plaintiff's bond restrictions had been lifted and she believed the continuation of the flag was an oversight. In response, Defendant Hayes informed Plaintiff, through text message, that: (1) she was completely banned from properties operated by the Georgia Building Authority on Capitol Hill; and (2) any attempt to circumvent the ban could result in criminal trespass charges. This text message surprised Plaintiff, as she spent more than an hour inside the Capitol without receiving any prior notice that such a ban had been imposed. Thus, according to Defendant Hayes, Plaintiff was allegedly in violation of a ban imposed without her knowledge.

31. Plaintiff was further instructed that entering the premises carried the threat of criminal trespass.

32. Following Plaintiff's text message exchange with Defendant Hayes, Plaintiff's criminal defense attorney called Defendant Hayes on February 3, 2026, during which Defendant Hayes reiterated that Plaintiff was completely banned

from the properties operated by Georgia Building Authority on the Georgia Capitol Hill, including those located at: (1) 244 Washington Street Southwest, Atlanta, Georgia 30334; (2) 254 Washington Street Southwest, Atlanta, Georgia 30334; (3) 270 Washington Street Southwest, Atlanta, Georgia 30334; (4) 47 Trinity Avenue, Southwest, Atlanta, Georgia 30334; and (5) the Twin Towers State Buildings at 200 Piedmont Avenue Southeast, Atlanta, Georgia 30334. Defendant Hayes also reiterated that entering the premises carried the threat of criminal trespass.

33. Defendant Hayes further noted that Plaintiff could contact him and request an exception, after which the command staff would decide whether to grant her permission to enter the premises. No criteria exist for this officer approved exception.

34. On February 10, 2026, Plaintiff contacted Defendant Hayes to request written clarification on the ban in advance of a Georgia Public Service Commission hearing on February 12, 2026. In this request, Plaintiff also sought approval to attend the hearing and further inquired whether: (1) two days would be an acceptable notice; and (2) Defendant Hayes was the correct person to contact. On that same day, Defendant Hayes informed Plaintiff that he previously misspoke when discussing the ban with her criminal defense attorney—which he indicated he would correct if her attorney contacted him again—as the Plaintiff was only

8

indefinitely banned from entering the premises of 244 Washington Street Southwest, Atlanta, Georgia 30334. Defendant Hayes further stated that—aside from being elected to the Georgia Public Service Commission or employed in the building located at 244 Washington Street Southwest, Atlanta, Georgia 30334— Plaintiff would not be granted any permissions to attend the February 12, 2026, hearing or any of the other Georgia Public Service Commission meetings, events, or hearings in that building.

35.    At this time, Defendant Hayes also told Plaintiff that she was permitted to enter all other Georgia State Capitol properties, but only when accompanied by a security or law enforcement escort.

36.    Defendant Hayes did not provide any criteria, standards, exceptions, or timelines for her prohibition from the premises located at 244 Washington Street Southwest, Atlanta, Georgia 30334.

37.    Defendant Hayes did not provide any criteria or standards for whether her access to the 244 Washington Street Southwest, Atlanta, Georgia 30334 premises would be reviewed if she was elected or took on employment at the location. Otherwise, she was banned from that location forever and without exceptions, including the Public Service Commission meetings, hearings, and events themselves.

38.     Similarly, Defendant Hayes did not provide any criteria, standards, exceptions, or timelines for obtaining a security or law enforcement escort for Plaintiff's visits to the other Georgia State Capitol properties.

39.     Defendant Hayes did not provide any termination date for the special escort condition imposed on Plaintiff during her visits to the other Georgia State Capitol properties, nor did Defendant Hayes provide any processes for reconsideration or removal of the special condition.

40.     Defendant Hayes further indicated that, should Plaintiff be elected to an official capacity or employed in the building, her indefinite ban would be under some undetermined review process.

41.     Defendant Hayes's communication purporting to bar Plaintiff from the premises of 244 Washington Street Southwest, Atlanta, Georgia 30334, and to impose the special escort condition for the other Georgia State Capitol properties are attached hereto as **Exhibit D**.

42.     Plaintiff's criminal charges were "declined" and, accordingly, her bond restrictions were lifted.

43.     Defendant Hayes has not identified any suspicion or current evidence of illegal activity.

44.     Defendant Hayes has not alleged that any current or past evidence of violence, attempted violence, or threatened violence exists.

45.     Plaintiff has never prevented any meeting or hearing of the Georgia Public Service Commission from moving forward as planned.

46.     Similarly, Plaintiff has never prevented any meeting or hearing involving the Georgia Legislature or its officials from moving forward as planned.

47.     The ban is indefinite in its operative duration.

48.     The special escort condition imposed on Plaintiff while entering any other Georgia State Capitol properties is indefinite in its operative duration and undefined as to process.

49.     There is no exception or criteria for exception that would allow Plaintiff to attend, participate, or otherwise engage in the Georgia Public Service Commission meetings, hearings, or events on the 244 Washington Street Southwest, Atlanta, Georgia 30334 premises.

50.     There is no exception or criteria for exception that would allow Plaintiff to attend, participate, or otherwise engage in any meetings, hearings, or events on the Georgia State Capitol properties without a security or law enforcement escort.

51.     Since she was last barred from entry in February 2026, Plaintiff has not attended any meetings, hearings, or events of the Georgia Public Service Commission on the 244 Washington Street Southwest, Atlanta, Georgia 30334

premises, for fear and belief that she would be arrested and prosecuted for criminal trespass.

52.     Plaintiff wished to attend and participate in the important meetings, hearings, and events of the Georgia Public Service Commission on the 244 Washington Street Southwest, Atlanta, Georgia 30334 premises and at the Georgia State Capitol. In particular, Plaintiff wished to attend the events on May 5, 6, 13, and 14, 2026, during which public hearings will be conducted for Georgia Power's request to add billions of dollars in fuel costs and storm damages to its rates.

53.     As soon as any prohibition is lifted, Plaintiff will immediately resume attending and participating in the meetings, hearing, and events of the Georgia Public Service Commission on the 244 Washington Street Southwest, Atlanta, Georgia 30334 premises and at the Georgia State Capitol.

54.     Plaintiff has been burdened with a special escort condition—which is not imposed on other members of the public—whenever entering the Georgia State Capitol properties, thereby causing embarrassment, discomfort, and unease.

55.     Due to the embarrassment, discomfort, and unease imposed by this special escort condition, Plaintiff has refrained from attending at least four events at the Georgia State Capitol, including: (1) a finance committee hearing on March 2, 2026, during which legislation related to the Georgia Public Service Commission was debated; (2) an award ceremony held by Georgia WAND—a women-led, non-

profit environmental justice organization—on March 5, 2026; (3) an event for the qualification of Georgia Public Service Commission candidates, which occurred on March 6, 2026; and (4) a press conference on March 6, 2026, concerning Georgia Crossover Day.

## CLAIMS FOR RELIEF

### Count One: Free Speech, Petition and Due Process

Plaintiff incorporates and re-alleges paragraphs 1-55 as if fully alleged herein, and further states:

56.    By not allowing Plaintiff to engage in legal and constitutionally protected expression at the Georgia State Capitol and Georgia Public Service Commission under threat of arrest and criminal prosecution, Defendant has deprived Plaintiff of her right to free speech and petition as protected by the First and Fourteenth Amendments, as well as the Georgia Constitution's Article I, Section I, Paragraphs V and IX.

57.    Plaintiff has been subjected to the prior restraint of her speech and has been denied her right to speak at the Georgia State Capitol and Georgia Public Service Commission meetings, hearings, and other events, most areas of which are traditional public forums.

58.    Plaintiff has also been subjected to a special condition not experienced by the general public—that is, the requirement of a constant security or law

13

enforcement escort—whenever entering any of the Georgia State Capitol properties. These restrictions are content based, far from narrowly tailored, and not supported by compelling government interests.

59.   The prohibition and special condition were issued with the purpose and/or effect of preventing and/or hindering Plaintiff from participating in the affairs of the Georgia Public Service Commission and other aspects of Georgia government.

60.   Defendant Hayes's purpose and/or effect was to silence Plaintiff because of the content and critical viewpoint of her speech.

61.   The criminal trespass ban is an indefinite prior restraint of Plaintiff's right to speech, petition, and association.

62.   Under the First and Fourteenth Amendments, the criminal trespass ban is unconstitutionally vague and overbroad as to its scope, process, undefined exceptions, and impacts on a substantial amount of constitutionally protected activity of Plaintiff as a very politically active citizen. Notably, the criminal trespass ban: (1) is unwritten; (2) changes without notice; (3) has undefined exceptions; (4) lacks any mechanism of appealing its terms; and (5) has the net impact of a perpetual ban of broad geographic scope, which is subject to the unbridled discretion of the Georgia Capitol Police.

14

63. Plaintiff has been denied her right to petition the government, which is guaranteed by the Petition Clause of the First Amendment, as a result of her ban.

64. Plaintiff seeks declaratory and injunctive relief barring enforcement of Plaintiff's ban under the First and Fourteenth Amendments and Georgia Constitution Article I, Section I, Paragraphs I, II, V, VII, IX, and XIII.

65. Plaintiff also seeks monetary damages for the infringement upon her protected speech and the resulting chilling of her expression.

Count Two: Open Meetings Act

Plaintiff incorporates and re-alleges paragraphs 1-55 as if fully alleged herein, and further states:

66. The meetings and hearings of the Georgia Public Service Commission are open to the public, but occur on the premises of 244 Washington Street Southwest, Atlanta, Georgia 30334.

67. The meetings and hearings of the Georgia Public Service Commission are meetings under the Georgia Open Meetings Act, pursuant to O.C.G.A. § 50-14-1(b) (1) "all meetings shall be open to the public") and (c) "The public at all times shall be afforded access to meetings . . . .").

68. Plaintiff is being denied her statutory right of access to the public meetings and hearings of the Georgia Public Service Commission by virtue of

15

having been barred from the 244 Washington Street Southwest, Atlanta, Georgia 30334 premises.

## PRAYER FOR RELIEF

WHEREFORE, on the basis of the foregoing, Plaintiff respectfully prays that this Court:

(A)    Assume jurisdiction over this action;

(B)    Award declaratory as well as preliminary and permanent injunctive relief as set out herein and in Plaintiff's Motion for Preliminary and/or Permanent Injunctive Relief, thereby lifting the criminal trespass ban as applied;

(C)    Award nominal, presumed, compensatory, and other damages against defendant in an amount determined by a jury;

(D)    Award civil penalties under the Georgia Open Meetings Act, *see* O.C.G.A. § 50-14-6;

(E)    Award reasonable attorneys' fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable state and federal laws; and

(F)    Award such other and further relief as this Court deems just and proper.

16

## JURY DEMAND

Pursuant to Rule 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: June 22, 2026

Respectfully submitted,

*/s/ James M. Slater*

James M. Slater
Georgia Bar No. 169869
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

*Attorneys for Plaintiff Patty Durand*

17

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts contained in the foregoing Verified Complaint are true and correct.

Executed on June __18__, 2026 in Atlanta, Georgia.


_Patty Durand_____
Patty Durand

18