# Exhibit C

Fulton County Superior Court
***EFILED***NC
Date: 1/21/2026 12:11 PM
Che Alexander, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **STATE OF GEORGIA** | ) | |
| | ) | **Clerk No.:** |
| v. | ) | 25PI008694 |
| | ) | |
| **PATRICIA DURAND,** | ) | **Charge:** |
| Defendant. | ) | Theft of Trade Secrets - Felony |
| | ) | |

<u>**DECISION OF THE DISTRICT ATTORNEY TO DECLINE TO PROSECUTE AND REQUEST FOR RECORD RESTRICTION PURSUANT TO O.C.G.A. § 35-3-37(h)(1)(B)**</u>

**COMES NOW** the State of Georgia, by and through the undersigned counsel, and gives notice of the District Attorney's decision to decline further prosecution of this matter, as set forth below, and further requests that the Clerk of Superior Court restrict access to the Defendant's criminal history record information in this case pursuant to O.C.G.A. § 35-3-37(h)(1)(B).

## **I. Background**

On October 21, 2025, the Defendant was arrested pursuant to a state warrant for one felony count of theft of trade secrets in violation of O.C.G.A. § 16-8-13. After her arrest, she remained in the custody of the Fulton County Jail for approximately 42 hours until her release on October 23, 2025. In relevant part, the arrest warrant alleges that on October 21, 2025, during a meeting of the Georgia Public Service Commission ("GPSC") at the Georgia State Capitol, the Defendant "intentionally [took] a booklet containing confidential information owned by Georgia Power Company without permission." *See* "Exhibit A," Criminal Warrant No. EW-0504036.

The arrest warrant further alleges that the Defendant was captured on surveillance video picking up a spiral-bound notebook the contained the label "Georgia Power Trade Secrets" from a table inside the GPSC meeting room during a lunch break, briefly flipping through the booklet,

placing it into her purse, and exiting the room. *Id.* The arrest warrant does not allege that the Defendant intended to deprive or withhold from Georgia Power the exclusive use of the alleged trade secret information or to appropriate it to her own use or to the use of another. *Id.* Nor does the arrest warrant allege that the alleged trade secret information contained in the notebook was not commonly known by or available to the public, that it derived economic value from not being generally known to persons who could obtain economic value from its disclosure, or that it was subject to efforts that were reasonable under the circumstances to maintain its secrecy. *Id.* Finally, the arrest warrant does not allege the pecuniary value of the alleged trade secret. *Id.*

Following the Defendant's arrest, law enforcement obtained a warrant to search the Defendant's cell phone, vehicle, and residence. *See* "Exhibit B," DPS Incident Report No. DPS00188544 (01). During the execution of that warrant, police seized the Defendant's cell phone and a laptop computer from her residence. *Id.* The Defendant voluntarily returned the notebook she took from the GPSC meeting to the Georgia Capitol Police on the same day it was taken. *Id.*

## II. Legal Standard

To establish a violation of O.C.G.A. § 16-8-13, the State must prove beyond a reasonable doubt that the Defendant (1) intended to deprive or withhold from the owner thereof the exclusive use of a trade secret or to appropriate a trade secret to his or her own use or to the use of another and (2) took, used, or disclosed such trade secret without authorization. O.C.G.A. § 16-8-13(b). The State must also prove that the information at issue constitutes a "trade secret" within the meaning of O.C.G.A. § 16-8-13(a). To do so, the State must establish beyond a reasonable doubt that the alleged trade secret information (1) is not commonly known by or available to the public; (2) derives economic value from not being generally known to other persons who can obtain

economic value from its disclosure or use; and (3) is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." O.C.G.A. § 16-8-13(a).

Georgia's appellate courts have consistently declined to afford trade secret protection to confidential information when no reasonable efforts were made under the circumstances to maintain the secrecy of the information. *See, e.g.*, *Smith v. Mid-State Nurses*, 261 Ga. 208, 209 (1991) (holding that an employer's instructions to an employee to maintain confidentiality of certain information was insufficient to establish trade secret status for all confidential information known by the employee); *Bacon v. Volvo Serv. Ctr., Inc.*, 266 Ga. App. 543, 545 (2004) (holding that a customer list was not a trade secret when it was accessible to many employees, not password-protected, and not subject to confidentiality agreements as a condition of employment); *Equifax Servs. v. Examination Management Servs.*, 216 Ga. App. 35, 40 (1994) (finding no trade secret protection where a company's only step taken to maintain the secrecy of confidential information was requiring employees to sign a confidentiality agreement).

### III. Evidence and Analysis

The State received this case following the Defendant's first appearance hearing on October 22, 2025, and immediately began to investigate the facts and circumstances surrounding the alleged offense. As part of that investigation, the State obtained and reviewed approximately seven hours of publicly available recorded video footage from the October 21, 2025, GPSC meeting; reviewed police reports and related materials provided by the Georgia Capitol Police as part of its criminal investigation; met with and interviewed representatives of Georgia Power regarding both the October 21, 2025, GPSC meeting and standard procedures governing the handling of confidential information by the GPSC and Georgia Power; and inspected a physical copy of the materials taken by the Defendant at the October 21, 2025, GPSC meeting.

3

The video footage from the October 21, 2025, GPSC meeting shows that the alleged trade secret information at issue was contained in multiple spiral-bound notebooks (the "notebooks") placed on two tables inside the meeting room, immediately adjacent to a podium used by numerous individuals who addressed the GPSC during the meeting. These individuals included lawyers, staff members, intervenors, and members of the public. Throughout the meeting, dozens of members of the public, including the Defendant, approached the podium to speak or make public comment, with the notebooks remaining within arm's reach of each speaker for nearly the entire day. The notebooks were also left unsecured and unattended on the tables during meeting breaks and remained in the same location after the lunch break during which the Defendant took the notebook that resulted in her arrest. At various times during the meeting, as many as 50 individuals were seated in the audience with no physical barrier between them and the tables where the notebooks were located, and any of those individuals could have accessed or taken the notebooks.

On December 2, 2025, the State met with representatives from Georgia Power to discuss the October 21, 2025, GPSC meeting and to obtain information concerning Georgia Power's practices governing the handling of confidential information. During that meeting, the State reviewed a physical copy of the notebook taken by the Defendant and learned that the majority of the information contained within it was publicly available, with only a relatively small portion having been designated as confidential. Georgia Power representatives explained that it was standard practice for confidential information in such notebooks to be highlighted in yellow, while public information was not highlighted. Georgia Power advised that during GPSC meetings and hearings, witnesses and GPSC staff routinely have documents of this type in front of them while testifying, including information Georgia Power considers to be trade secrets, and that witnesses and staff are instructed not to publicly disclose any information designated as confidential.

4

The State also learned that while confidential information is generally intended only for parties to matters pending before the GPSC, intervenors with an interest in a proceeding (e.g., the Sierra Club) may request access to such information. If access is granted, intervenors may review confidential information at their convenience outside the presence of Georgia Power through an electronic portal. Although intervenors are required to sign non-disclosure agreements, Georgia Power has no means of determining who is physically present when intervenors access confidential information. In any given GPSC matter, as many as 25 intervenors may have access to confidential information. Intervenors are required to return or destroy confidential information within 30 days after the conclusion of a proceeding, but Georgia Power relies on the honor system to ensure compliance. Georgia Power is not aware of any civil actions related to intervenor non-disclosure agreements and has no knowledge of an intervenor violating such an agreement.

With respect to the October 21, 2025, GPSC meeting specifically, the State learned that two individuals were assigned to sit in the back of the meeting room and monitor the notebooks to prevent unauthorized access, but these individuals were not paying attention to the notebooks at the time the Defendant took one of them. Georgia Power further confirmed that the Defendant's taking of the notebook did not result in any actual financial harm to Georgia Power.

Based on the State's review of the evidence and likely witness testimony, the State must conclude that although some efforts were made by Georgia Power and the GPSC to maintain the secrecy of the alleged trade secrets contained in the notebooks, the evidence is insufficient to prove beyond a reasonable doubt that those efforts were reasonable under all the attendant circumstances. Accordingly, the State cannot establish that the information taken by the Defendant constitutes a "trade secret" as required under O.C.G.A. § 16-8-13 and therefore cannot reasonably expect to obtain a felony conviction at trial. Moreover, Rule 3.8(a) of the Georgia Rules of Professional

Conduct requires a prosecutor to "refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause." Georgia Rules of Professional Conduct, Rule 3.8; *see also Metro Holdings, LLC v. Evernest Holdings, LLC*, 377 Ga. App. 303, 305 n.2 (2025) (recognizing that Georgia's Rules of Professional Conduct "have the effect of law.").

That said, the evidence *does* establish probable cause to believe that the Defendant committed the misdemeanor offense of theft by taking in violation of O.C.G.A. § 16-8-2 or, in the alternative, criminal trespass in violation of O.C.G.A. § 16-7-21(a). The evidence shows that during the lunch break at the October 21, 2025, GPSC meeting, the Defendant intentionally took a spiral-bound notebook belonging to Georgia Power with the intention of depriving Georgia Power of its property. *See* O.C.G.A. § 16-8-2. The evidence also shows that the Defendant knowingly and maliciously interfered with Georgia Power's possession and use of the notebook without Georgia Power's consent. *See* O.C.G.A. § 16-7-21(a). Accordingly, while the evidence is insufficient to proceed on the charged felony offense, the State is authorized to proceed on these misdemeanor offenses. *See* GA. CONST. 1983, Art. VI, Sec. VII, Par. I (d).

### IV. Disposition of the Case

Having established that prosecution of the Defendant is authorized, the State now turns to the appropriate disposition of this case. It has long been the law of this state that in "the district attorney's role as an administrator of justice, he or she has broad discretion in making decisions prior to trial about who to prosecute, what charges to bring, and which sentence to seek." *State v. Wooten*, 273 Ga. 529, 531 (2001). Here, the Defendant is 66 years old, has no prior criminal history, spent nearly two days in the Fulton County Jail, has committed no further violations of the law, and any offense committed by her resulted in no actual financial harm to Georgia Power. Following her arrest, the Defendant entered into an agreement with the State to complete certain rehabilitative

and remedial measures, and she has since fully complied with the terms of the agreement. Specifically, she completed forty hours of community service at Georgia Clinicians for Climate Action, a charitable organization of her choosing. *See* "Exhibit C," Community Service Letter. She has also completed a theft awareness class at her own expense. *See* "Exhibit D," Theft Awareness Class Certificate of Completion. Under the totality of the circumstances, continued prosecution would not serve the interests of justice and is therefore not warranted.

Accordingly, it is the decision of the District Attorney to decline further prosecution of this matter. The State further requests that the Clerk of Superior Court restrict access to the Defendant's criminal history record information in this case pursuant to O.C.G.A. § 35-3-37(h)(1)(B).

Respectfully submitted this 21st day of January 2026,

**FANI T. WILLIS**
**DISTRICT ATTORNEY**
Atlanta Judicial Circuit

/s/ John W. "Will" Wooten
**John W. "Will" Wooten**
**GA Bar No. 410684**
Deputy District Attorney
Atlanta Judicial Circuit
White Collar & Cybercrime Unit
136 Pryor Street SW, 3rd Floor
Atlanta, GA 30303
will.wooten@fultoncountyga.gov

# Exhibit A

# CRIMINAL WARRANT

Warrant No:  EW-0504036

MAGISTRATE COURT OF FULTON COUNTY
GEORGIA, FULTON COUNTY

## AFFIDAVIT FOR ARREST

### (Ga. Code Ann. 17-4-45)

Personally came **K McClendon** , who on oath says that to the best of his/her knowledge and belief **Patricia Haines Durand** (hereinafter called the accused) between **10/21/2025** at **12:04 PM** and **10/21/2025** at **12:06 PM** , at **244 Washington St SW, Atlanta** in **FULTON** county aforesaid, did commit the offense of **Theft Of Trade Secrets - Felony - Felony (Count #1) , 16-8-13(b)(3)** in that **said accused unlawfully did intentionally take a booklet containing confidential information owned by Georgia Power Company without permission. While on break, Mrs. Durand was captured on recorded video inside a Public Service Commission (PSC) meeting with Georgia Power Company. Ms. Durand was seen walking out of the meeting room at 12:04pm and re-enter moments later walking pass a desk containing a booklet labeled Georgia Power Trade Secrets. Ms. Durand picked up the booklet and put it back. Then Mrs. Durand walked pass the second desk which had the same booklets from Georgia Power and picked one booklet up. Mrs. Durand flipped through the booklet briefly before placing the booklet into her purse and left the meeting room without returning.** said and this deponent makes this affidavit that a warrant may issue for his/her arrest.

**Probable Cause :**
said accused unlawfully did intentionally take a booklet containing confidential information owned by Georgia Power Company without permission. While on break, Mrs. Durand was captured on recorded video inside a Public Service Commission (PSC) meeting with Georgia Power Company. Ms. Durand was seen walking out of the meeting room at 12:04pm and re-enter moments later walking pass a desk containing a booklet labeled Georgia Power Trade Secrets. Ms. Durand picked up the booklet and put it back. Then Mrs. Durand walked pass the second desk which had the same booklets from Georgia Power and picked one booklet up. Mrs. Durand flipped through the booklet briefly before placing the booklet into her purse and left the meeting room without returning.

**Repeat Offender :** Unknown

Sworn to and subscribed before me,

Prosecutor/Affiant:   **K McClendon**
Title
Agency:   **Capitol Police**
Badge No.:   **1808**
Phone No.:   **404-656-4831 (w)**
**10/21/2025 6:06:33 PM**

Deputy Clerk/Judge :   **R Oliver**

Title   **Judge**
**Magistrate Court** COURT OF **FULTON** COUNTY
**10/21/2025 6:08:37 PM**

Case 1:26-cv-03468-SDG   Document 1-3   Filed 06/22/26   Page 11 of 23

## WITNESSES FOR THE STATE

Name :

Address:

Phone :

Name :

Address:

Phone :

Name :

Address:

Phone :

***********************

NOTES:

---

GEORGIA , FULTON COUNTY :

After hearing evidence the accused is

**Discharged** _____

_____

**This** _____ , 20 _____

_____

**JUDGE,  MAGISTRATE  COURT, FULTON COURT**

**DISMISSED** _____

_____

**This** _____ , 20 _____

_____

**JUDGE,  MAGISTRATE  COURT, FULTON COURT**

***********************

GEORGIA , FULTON COUNTY :

After hearing evidence it is ordered that the accused give bond of **OTHER-JUDGE SETS-OTHER-JUDGE SETS** $ dollars for his/her appearance at the STATE COURT /SUPERIOR COURT of said County now in session, to answer to the Charge of: **Theft Of Trade Secrets - Felony - Felony , 16-8-13(b)(3)** or in default that they be committed to jail

This is _____ day of _____ , 20 _____

_____

**JUDGE,  MAGISTRATE  COURT, FULTON COURT**

***************************************

***GEORGIA , FULTON  COUNTY :***

***Executed the within warrant by arresting the defendant,***

**_ARRESTING OFFICER(S)_**

---

## COURT OF FULTON  COUNTY

### No. EW-0504036
### CRIMINAL WARRANT
### THE STATE
### versus
### Patricia Haines Durand

| RACE | D.O.B | SEX | HGT | WGT |
|------|-------|-----|-----|-----|
| W | ████ | FEMALE | 5'5" | 150 |

| EYE | HAIR |
|-----|------|
| BRO (Brown) | BRO (Brown) |

ADDRESS: ████████████████

BUS ADDRESS:

PHONE NUMBER:

IN CUSTODY :       NO

### BOND $: OTHER-JUDGE SETS-OTHER-JUDGE SETS

### CHARGE:      16-8-13(b)(3)

**Theft Of Trade Secrets  - Felony - Felony**

PROSECUTOR NAME & ADDRESS:

**K McClendon**

**180 Central Avenue SW, ATLANTA, GA, 30303**

PHONE NUMBER:     404-656-4831 (w)

ATTY/PROSECUTOR:

NAME/ADDRESS/PHONE :

PROSECUTOR NOTIFIED BY:

DATE : _____/_____/_____

TIME : _____AM/PM

PERSON NOTIFIED :

| CALENDAR DATE AND NUMBER | | | |
|---|---|---|---|
| | | | |
| | | | |

**CASE NO :**     DPS25IN0873977

# Exhibit B

# DPS INCIDENT REPORT

GEORGIA DEPARTMENT OF PUBLIC SAFETY
180 CENTRAL AVE
ATLANTA, GA 30303

| Report Date / Time<br>**10/21/2025 10:14:53 PM** | Report Number<br>**DPS00188544 (01)** | Report Case/CAD Number<br>**DPS00188544 /<br>DPS25IN0873977** | Reporting Officer Rank / ID<br>**SGT / 1808** | Reporting Officer Name<br>**MCCLENDON, KYLE ARTH** |
|---|---|---|---|---|
| Originating Agency ORI<br>**GAGSP0000** | Reported to Agency Date<br>**10/21/2025 3:22:21 PM** | Occur Date Range<br>**10/21/2025 15:22:21 -<br>10/21/2025 22:15:00** | Jurisdiction<br>**IN JURISDICTION** | Status:<br>Clearance: **ARREST** |
| Offense Description<br>**N010A THEFT** | | | | |

## LOCATION(S)

| County<br>**FULTON** | Location Type<br>**INCIDENT LOCATION** | Location Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Street Number<br>**244** | Street<br>**WASHINGTON ST SW** | | Apt/Lot/Bldg | City<br>**ATLANTA** | State<br>**GA** | Zip Code<br>**30334** | Phone Number | Ext. |
| County<br>**FULTON** | Location Type<br>**OTHER LOCATION** | Location Description | | | | | | |
| Street Number<br>**379** | Street<br>**Sinclair Avenue** | | Apt/Lot/Bldg | City<br>**ATLANTA** | State<br>**GA** | Zip Code<br>**30307** | Phone Number | Ext. |
| County<br>**FULTON** | Location Type<br>**CAPTURE LOCATION** | Location Description | | | | | | |
| Street Number<br>**206** | Street<br>**Washington Street** | | Apt/Lot/Bldg | City<br>**ATLANTA** | State<br>**GA** | Zip Code<br>**30303** | Phone Number | Ext. |

## Person: SUSPECT

| First Name<br>**PATRICIA** | Middle Name<br>**HAINES** | Last Name<br>**DURAND** | | Suffix | Race<br>**WHITE** | Sex<br>**FEMALE** | Height<br>**5'05"** | Weight<br>**150** | Hair<br>**BRO** | Eyes<br>**BRO** |
|---|---|---|---|---|---|---|---|---|---|---|
| MNI # | SSN | Date of Birth | Age<br>**66** | ID Type<br>**C** | Drivers License or other ID | | State<br>**GA** | OCA / Agency ID | | |
| Place of Birth: | **, ,** | | | | | | | | | |

Addresses
• **RESIDENCE /** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **/**

## Person: COMPLAINANT

| First Name<br>**JEREMIAH** | Middle Name | Last Name<br>**HASWELL** | | Suffix | Race<br>**WHITE** | Sex<br>**MALE** | Height<br>**6'00"** | Weight<br>**195** | Hair | Eyes<br>**BRO** |
|---|---|---|---|---|---|---|---|---|---|---|
| MNI # | SSN | Date of Birth | Age<br>**44** | ID Type | Drivers License or other ID | | State | OCA / Agency ID | | |
| Place of Birth: | **, ,** | | | | | | | | | |

Addresses
• **OTHER /** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **/**

**DPS INCIDENT REPORT**                                      Page 1 of 5

| Report Date / Time | Report Number | Report Case/CAD Number | Reporting Officer Rank / ID | Reporting Officer Name |
|---|---|---|---|---|
| 10/21/2025 10:14:53 PM | DPS00188544 (01) | DPS00188544 / DPS25IN0873977 | SGT / 1808 | MCCLENDON, KYLE ARTH |

| Originating Agency ORI | Reported to Agency Date | Occur Date Range | Jurisdiction | Status: |
|---|---|---|---|---|
| GAGSP0000 | 10/21/2025 3:22:21 PM | 10/21/2025 15:22:21 - 10/21/2025 22:15:00 | IN JURISDICTION | Clearance: **ARREST** |

| Offense Description |
|---|
| N010A THEFT |

## Person: OTHER PERSON

| First Name | Middle Name | Last Name | Suffix | Race | Sex | Height | Weight | Hair | Eyes |
|---|---|---|---|---|---|---|---|---|---|
| DAVID | PAUL | DURAND | | WHITE | MALE | 6'05" | 205 | GRY | BLU |

| MNI # | SSN | Date of Birth | Age | ID Type | Drivers License or other ID | State | OCA / Agency ID |
|---|---|---|---|---|---|---|---|
| | | ▆▆▆▆ | 62 | C | ▆▆▆▆ | GA | |

| Place of Birth: | , , |
|---|---|

Addresses
• RESIDENCE / ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ /

## Person: COMPLAINANT

| First Name | Middle Name | Last Name | Suffix | Race | Sex | Height | Weight | Hair | Eyes |
|---|---|---|---|---|---|---|---|---|---|
| STEVEN | | HEWITSON | | WHITE | MALE | 5'10" | 180 | BLACK | BRO |

| MNI # | SSN | Date of Birth | Age | ID Type | Drivers License or other ID | State | OCA / Agency ID |
|---|---|---|---|---|---|---|---|
| | | ▆▆▆▆ | 53 | | | | |

| Place of Birth: | , , |
|---|---|

Addresses
• OTHER / ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ /

## Business: COMPLAINANT

| Business Name | MBI # | Phone Number 1 | Ext 1 | Phone Number 2 | Ext 2 |
|---|---|---|---|---|---|
| GEORGIA POWER COMPANY | | | | | |

| County | Street Number | Address | Apt/Lot/Bldg | City | State | Zip Code |
|---|---|---|---|---|---|---|
| FULTON | 241 | NE  RALPH MCGILL BOULEVARD | | ATLANTA | GA | 30308 |

| Other Information |
|---|
| |

## Business: COMPLAINANT

| Business Name | MBI # | Phone Number 1 | Ext 1 | Phone Number 2 | Ext 2 |
|---|---|---|---|---|---|
| TROUTMAN PEPPER LOCKE LLP | | | | | |

| County | Street Number | Address | Apt/Lot/Bldg | City | State | Zip Code |
|---|---|---|---|---|---|---|
| FULTON | 600 | NE  PEACHTREE STREET | | ATLANTA | | |

| Other Information |
|---|
| |

## Charge: STATE LAW

| Counts | Charge | Arrest Offense Code Description |
|---|---|---|
| 1 | 16-8-13 | |

| Charge Degree | Charge Level | General Offense Code |
|---|---|---|
| | GEORGIA CRIMINAL CODE | COMPLETED |

---

**DPS INCIDENT REPORT**

| Report Date / Time 10/21/2025 10:14:53 PM | Report Number DPS00188544 (01) | Report Case/CAD Number DPS00188544 / DPS25IN0873977 | Reporting Officer Rank / ID SGT / 1808 | Reporting Officer Name MCCLENDON, KYLE ARTH |
|---|---|---|---|---|
| Originating Agency ORI GAGSP0000 | Reported to Agency Date 10/21/2025 3:22:21 PM | Occur Date Range 10/21/2025 15:22:21 - 10/21/2025 22:15:00 | Jurisdiction IN JURISDICTION | Status: Clearance: ARREST |

| Offense Description |
|---|
| N010A THEFT |

| Charge Description |
|---|
| THEFT OF TRADE SECRETS |

## Vehicle: OTHER

| Year | Make | Model | Style | Color | State | License Plate # | Tag Expiration | VIN |
|---|---|---|---|---|---|---|---|---|
| 2021 | TESLA | MODEL 3 | 4S | BLU | | ■■■ | ■■■ | ■■■ |

| Vehicle Owner Type | Vehicle Value ($) | ☐ CMV  ☐ HAZMAT | DOT Number | | Placard Hazardous Material # | Placard Hazard Class # |
|---|---|---|---|---|---|---|
| PERSON | | | | | | |

| Vehicle Owner | Vehicle Released to Person | Vehicle Released by Officer |
|---|---|---|
| PATRICIA HAINES DURAND (SUSPECT) | DAVID PAUL DURAND (OTHER PERSON) | KYLE ARTHUR MCCLENDON |

| Owner Type | Property Owner | Property Released To Person | Property Released By Officer |
|---|---|---|---|
| BUSINESS | GEORGIA POWER COMPANY (COMPLAINANT) | | |

## Narrative: INITIAL

| Narrative Date/Time 10/21/2025 10:30:18 PM | Narrative Synopsis |
|---|---|

| Reporting Officer | | Officer Rank | Officer ID No | Officer Org/Unit |
|---|---|---|---|---|
| MCCLENDON, KYLE ARTH | | SGT | 1808 | GCP\CAPITOL POLICE |
| Officer Signature | *[signature]* | Officer Agency | | GEORGIA DEPARTMENT OF PUBLIC SAFETY |

On October 21, 2025, at approximately 2:56pm, I received a phone call from Capitol Police Officer Peters #1834 regarding a theft located at 244 Washington Street 1st floor in a Public Service Commission (PSC) meeting. Once I arrived, I spoke with Jeremiah Haswell (Georgia Power Company Representative), Steven Hewitson (Troutman Pepper Locke LLP representative) and Sallie Tanner (Executive Secretary for the Georgia Public Service Commission).

Mr. Haswell advised the PSC meeting took a lunch break at approximately 11:55am. During this time, Mr. Haswell stated Mrs. Patricia Durand left the PSC meeting room and moments later returned to the meeting room. When she returned, Mrs. Durand walked over to the council desk near the podium and picked up a booklet labeled "Georgia Power Trade Secrets 2029-2031 All-source RDP". Mrs. Durand placed it back when a gentleman wearing a dark red shirt entered the room and walked near the podium. Mrs. Durand then walked to the opposite council's desk and picked up another Georgia Power Trade Secrets booklet which was face down. At approximately 12:06pm, Mrs. Durand looked through the booklet briefly before placing it in her purse and leaving the meeting room. Ms. Tanner then showed the recorded video of the incident which confirmed Mr. Haswell's statement. Mr. Haswell advised the item which was taken contained confidential information belonging to Georgia Power Company.

At approximately 3:49pm, I called Mrs. Durand and left a voice mail for her to call me back and explained the reason for the call. At approximately 4:10pm, Mrs. Durand returned my phone call. I then advised Mrs. Durand about the booklet she took from the PSC meeting and the consequences to follow. I asked Mrs. Durand if she had the book in her possession which she

| Report Date / Time 10/21/2025 10:14:53 PM | Report Number DPS00188544 (01) | Report Case/CAD Number DPS00188544 / DPS25IN0873977 | Reporting Officer Rank / ID SGT / 1808 | Reporting Officer Name MCCLENDON, KYLE ARTH |
|---|---|---|---|---|
| Originating Agency ORI GAGSP0000 | Reported to Agency Date 10/21/2025 3:22:21 PM | Occur Date Range 10/21/2025 15:22:21 - 10/21/2025 22:15:00 | Jurisdiction IN JURISDICTION | Status: Clearance: ARREST |

Offense Description
**N010A THEFT**

---

replied she did. I then asked if she is willing to return the booklet which she replied yes. I then gave Mrs. Durand instructions to meet me at the State Capitol on Capitol Square. Mrs. Durand agreed to meet at 5:00pm.

While I was applying for an arrest warrant and search warrant, Mrs. Durand arrived at the designated location where she was detained by Cpl. Miller #828 and Sgt. Chapple #1807. Shortly after, Sgt. Chapple read Mrs. Durand her Miranda Rights. I asked Mrs. Durand if she had taken any photocopies or made copies of the booklet in which she invoked her right to remain silent.

Mrs. Durand's husband, David Durand, arrived some time afterwards to retrieve her blue Tesla. Mrs. Durand was taken to Fulton County Jail where she was turned over to Fulton County personnel without any complaint of injury by Officer Moody #1828. Mrs. Durand was charged with O.C.G.A. 16-8-13 (Theft of Trade Secrets-Felony).

A search warrant was obtained for Mrs. Durand's cell phone, vehicle (Blue Tesla) and residence (███████████████ ███████████████). The search warrant was executed by Capitol Police Officer Harden #1825, Williams #1838, and me. Atlanta Police Department was notified by Capitol Police Communications of the search warrant as well. After the search of the residence, a copy of the search warrant and items seized from ███████████ were left with David Durand, who was present at the time. Afterwards, Mr. Durand advised the Blue Tesla was located at the Iman Park Marta Train Station. Officer Harden #1825 transported Mr. Durand to ███████████████ where the vehicle was located, and a search of the vehicle was executed by Officer Williams #1838 and me.

The items which were seized at 379 Sinclair Avenue Atlanta, Georgia 30307 are as follow: White Apple iPhone and a gray Yoga Lenovo Computer (laptop). The incident was recorded on Watch Guard body cameras (VXL1-013646, VXL1-012413, VXL1-013587).

| Sup # | Officer Name Rank / ID # | Involvement On Report / Reporting Role | Officer Agency Org/Unit |
|---|---|---|---|
| 01 | **CHAPPLE, HABERT** **SERGEANT** 1807 | **ASSISTING OFFICER** | **GEORGIA DEPARTMENT OF PUBLIC SAFETY** **GCP\CAPITOL POLICE** |
| 01 | **HARDEN, DEXTER A JR** **OFFICER** 1825 | **ASSISTING OFFICER** | **GEORGIA DEPARTMENT OF PUBLIC SAFETY** **GCP\CAPITOL POLICE** |
| 01 | **MCCLENDON, KYLE ARTH** **SGT** 1808 | **ASSISTING OFFICER / REPORTING OFFICER** | **GEORGIA DEPARTMENT OF PUBLIC SAFETY** **GCP\CAPITOL POLICE** |
| 01 | **MILLER, ANDREW S** **CORPORAL** 0828 | **ASSISTING OFFICER** | **GEORGIA DEPARTMENT OF PUBLIC SAFETY** **GSPC\POST 9** |
| 01 | **MOODY, W** **OFFICER** 1828 | **ASSISTING OFFICER** | **GEORGIA DEPARTMENT OF PUBLIC SAFETY** **GCP\CAPITOL POLICE** |

---

| Report Date / Time | Report Number | Report Case/CAD Number | Reporting Officer Rank / ID | Reporting Officer Name |
|---|---|---|---|---|
| **10/21/2025 10:14:53 PM** | **DPS00188544 (01)** | **DPS00188544 / DPS25IN0873977** | **SGT / 1808** | **MCCLENDON, KYLE ARTH** |

| Originating Agency ORI | Reported to Agency Date | Occur Date Range | Jurisdiction | Status: |
|---|---|---|---|---|
| **GAGSP0000** | **10/21/2025 3:22:21 PM** | **10/21/2025 15:22:21 - 10/21/2025 22:15:00** | **IN JURISDICTION** | Clearance: **ARREST** |

| Offense Description |
|---|
| **N010A THEFT** |

| Sup # | Officer Name Rank / ID # | Involvement On Report / Reporting Role | Officer Agency Org/Unit |
|---|---|---|---|
| 01 | **T.A.WILLIAMS** **OFFICER** | **ASSISTING OFFICER** | **GEORGIA DEPARTMENT OF PUBLIC SAFETY** **GCP\CAPITOL POLICE** |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe that the above named Defendant, committed violation(s), of law, on the below date(s) and time(s), as listed in the narratives associated with this report:

**Officer: Reporting Officer (Supplement01)**

| Officer Name | Office Rank | Officer ID No | |
|---|---|---|---|
| **MCCLENDON, KYLE ARTH** | **SGT** | **1808** | |
| Officer Agency | | | |
| **GEORGIA DEPARTMENT OF PUBLIC SAFETY** | | | |
| Officer Signature | | | |

---

**DPS INCIDENT REPORT**

# Exhibit C



**Georgia Clinicians for Climate Action**

701 S. Columbia Dr.

Campus Box 326

Decatur, Georgia 30030

**January 15, 2026**

**Mr. Robert Rubin, Esq.**

Peters Rubin Sheffield & Hodges, PA

2786 N Decatur Rd #245

Decatur, GA 30033

**Subject: Community service hours for Patricia Durand**

Dear Mr. Rubin,

I am writing on behalf of Georgia Clinicians for Climate Action to confirm that Ms. Patricia Durand has successfully completed forty (40) hours of community service with our organization.

Ms. Durand completed these hours between December 20, 2025 and January 15, 2026, working directly with me on a project focused on researching and preparing educational materials to encourage Georgians to transition from gas home heating to electric heat pumps utilizing funding made available through the Georgia Environmental Facilities Authority (GEFA).

Her work on this project included, but was not limited to:

- Researching GEFA funding availability and requirements for accessing grants.

- Developing high level fact sheets explaining program eligibility and benefits.

- Preparing detailed educational materials explaining why heating homes with electricity—rather than gas—improves indoor air quality, reduces the risk of childhood asthma, protects the environment, and benefits public health.

- Helping design an overall public awareness program to inform communities about the availability of these funds.

- Assisting with the organization of a community educational event on the effects of pollution on health taking place January 24, 2026.

Ms. Durand's contributions were substantive, timely, and completed in full satisfaction of the required service hours. She demonstrated diligence, attention to detail, and a strong commitment to public education and community health.

Should you require detailed records of hours worked or samples of completed work, we would be happy to provide them upon request.

Please feel free to contact me if you need any additional information.

Sincerely,

**Dr. Preeti Jaggi, MD**
Chair, Georgia Clinicians for Climate Action

# Exhibit D

Case 1:26-cv-03458-SDG    Document 1-3    Filed 06/22/26    Page 22 of 23

# Certificate of Completion

## This certifies that the person named below has completed a
### 4 Hour Theft Awareness Class

## COURSE FOR THEFT

### THEFT AWARENESS CLASS

Patricia H. Durand

379 Sinclair Ave NE, Atlanta, Ga, GA 30307

Date of Birth: 01/21/1959

Date of Course Completion: 01/15/2026

Certificate Number: 1660228



Mr. Robert A. Williams, Course Instructor
Certified Shoplifting and Theft Addiction Specialist (CSTAS)
(888) 338-8855 | certificate@coursefortheft.com

Verify the authenticity of this certificate by
visiting: NALearning.org/Verify

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **STATE OF GEORGIA** | ) | |
| | ) | **Clerk No.:** |
| v. | ) | 25PI008694 |
| | ) | |
| **PATRICIA DURAND,** | ) | **Charge:** |
| Defendant. | ) | Theft of Trade Secrets - Felony |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing DECISION OF THE DISTRICT ATTORNEY

TO DECLINE TO PROSECUTE AND REQUEST FOR RECORD RESTRICTION PURSUANT

TO O.C.G.A. § 35-3-37(h)(1)(B) was served upon all counsel of record in this matter who have

entered into the Fulton County E-File & Serve system,

This 21st day of January 2026,

> **FANI T. WILLIS**
> **DISTRICT ATTORNEY**
> Atlanta Judicial Circuit
>
> <u>/s/ John W. "Will" Wooten</u>
> **John W. "Will" Wooten**
> **GA Bar No. 410684**
> Deputy District Attorney
> Atlanta Judicial Circuit
> White Collar & Cybercrime Unit
> 136 Pryor Street SW, 3rd Floor
> Atlanta, GA 30303
> will.wooten@fultoncountyga.gov