**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PATTY DURAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | _____ |
| v. | ) | |
| | ) | |
| JASON HAYES, individually and | ) | |
| in his official capacity as the Lieutenant | ) | |
| of the Georgia State Capitol Police, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY**
**AND/OR PERMANENT INJUNCTIVE RELIEF**

Plaintiff Patty Durand files this motion for preliminary and/or permanent

injunctive relief against Lieutenant Jason Hayes of the Georgia State Capitol

Police for his indefinite, unwritten, and geographically broad ban on unescorted

access to the Georgia State Capitol area and a complete prohibition on access to

the Public Service Commission meetings, hearings, and events.

Relying on the verified complaint,[1] documents attached thereto, and the

---

[1] *Palmer v. Braun*, 155 F. Supp. 2d 1327, 1331 (M.D. Fla. 2001) *aff'd*, 287 F.3d 1325
(11th Cir. 2002) (internal citations omitted) ("To carry its burden, a plaintiff
seeking a preliminary injunction must offer proof beyond unverified allegations
in the pleadings"). Here, the complaint is verified and relies on Defendant's
statements concerning the scope of the bans—all of which are admissible non-
hearsay evidence. Nevertheless, the Court may still rely on hearsay at this stage.
*Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

brief in support, Plaintiff seeks a preliminary and/or permanent injunction to correct this injustice and allow Plaintiff to continue her advocacy and other efforts at the Georgia State Capitol and Public Service Commission. A preliminary injunction is appropriate when the movant establishes: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction [is] not granted; (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest." *K.H. Outdoors LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006); *Teper v. Miller*, 82 F.3d 989, 992 n.3 (11th Cir. 1996). Plaintiff satisfies each of these requirements, and, therefore, seeks a preliminary and/or permanent injunction to rescind the unlawful ban on access to the Georgia Public Service Commission building and escort requirement for other state capitol properties.

Dated: June 22, 2026

Respectfully submitted,

/s/ James M. Slater
James M. Slater
Georgia Bar No. 169869
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

*Attorneys for Plaintiff Patty Durand*

2