**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PATTY DURAND,       ) | |
|       ) | |
|    Plaintiff,      ) | Civil Action File No. |
|       ) | 1:26-cv-03458-SDG |
| v.       ) | |
|       ) | |
| JASON HAYES, individually and    ) | |
| in his official capacity as the Lieutenant    ) | |
| of the Georgia State Capitol Police,    ) | |
|       ) | |
|    Defendant.     ) | |

**DECLARATION OF PATTY DURAND**

I, Patty Durand, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am the plaintiff in the above-referenced case.

2.     I have personal knowledge of the facts set forth in this declaration

and, if necessary, I could and would competently testify to those facts.

3.     The purpose of this declaration is to provide additional information

as to the effects of the ban at 244 Washington in light of the upcoming schedule

at the Public Service Commission.

4.     Since the filing of the Complaint in June 2026, the Public Service

Commission has announced an upcoming docket for the fall. Based on that

docket, if not banned from the building, I would attend the following meetings

and hearings at 244 Washington:

a.  On September 1, 2026, the Georgia Public Service Commission will hear public comments and conduct formal hearings for Georgia Power to justify why they are charging residential and small business customers fuel costs they are spending to expand the grid for data centers.

b.  On October 15, 2026, the Georgia Public Service Commission will hear public comments and conduct hearings for energy experts and intervenors to respond to Georgia Power's September 1, 2026, testimony and subsequent filings justifying their cost allocation metholodogy.

c.  On November 12, 2026, the Georgia Public Service Commission will hear public comments and conduct hearings for Georgia Power to rebut the testimony and subsequent filings from energy experts and intervenors in response to Georgia Power's testimony.

d.  On December 10, 2026, the Georgia Public Service Commission will hear final public comments and intervenor testimony regarding how Georgia Power recovers costs for fuel charges they spend for grid expansion due to data centers.

1

5.    I also believe there is another docket to be published later in August that will have three hearings at 244 Washington that I would also attend but for the ban.

6.    The inability to attend these meetings in person limits my ability to advocate for and represent the interests of ratepayers and to educate the public about energy issues.

7.    After learning that Defendant's ban would not be lifted and was final, I immediately sought counsel to assist me on this matter. During that representation, my prior counsel had unexpected personal issues that prevented them from proceeding with my case. I then had to seek out alternate counsel to file this case and the attendant preliminary injunction motion as soon as possible. At every step since learning that the ban would remain in effect I acted diligently to ensure that my absence from PSC meetings and hearings would be as minimal as possible.

I declare under penalty of perjury that the foregoing is true and correct Executed on August 2, 2026 at Atlanta, Georgia.

_Patricia Durand_

Patty Durand

2